UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES R. LEACH,

    Plaintiff,

v.   CASE NO. 8:25-cv-1007-WFJ-SPF

KURT HOFFMAN,
ANTHONY ALLPORT,
CARLA SMALL, and
LORI BETH CLARK,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied and the Complaint dismissed.

    **I.    BACKGROUND**

Plaintiff purports to sue the Sheriff of Sarasota County, Kurt Hoffman, in his official and individual capacities, and Sarasota County Sheriff's Office Deputies Anthony Allport, Carla Small, and Lori Beth Clark in their individual capacities under 42 U.S.C. § 1983, for violating his Fourteenth Amendment rights (Doc. 1). Plaintiff alleges his "claims are based on the willful false and misleading deposition testimony by the deputy sheriffs named above, while acting under color of state law, in Sarasota County, State of Florida,

on April 21, 2021." (*Id*. at 1). He continues: "The false and misleading deposition testimony given by the deputy sheriffs named above deprived Mr. Leach of his right to due process in case 8:19-cv-330 CEH, which caused him to suffer serious physical injuries in that case." (*Id*. at 2). He purports to sue Sheriff Hoffman for not implementing a policy requiring deputies to wear body cameras (*Id*.).

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[1] Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

Dismissal is also appropriate if, upon review, the complaint reveals a lack of subject matter jurisdiction. *Cafaro v. Wyllins*, No. 8:10-cv-1836-T-30EAJ, 2010 WL 3747868, at *1 (M.D. Fla. Sept. 7, 2010), *report and recommendation adopted*, 2010 WL 3747837 (M.D. Fla. Sept. 22, 2010). In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and construe the complaint more liberally. *Tannenbaum v. United States*,

148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III.   ANALYSIS

Upon review of Plaintiff's filings, he appears financially eligible to proceed *in forma pauperis* (Doc. 2). However, the undersigned recommends dismissal of Plaintiff's Complaint.

### A.  Shotgun Pleading

Plaintiff's Complaint should be dismissed as an impermissible shotgun pleading. A plaintiff's failure to identify claims with sufficient clarity to enable a defendant to frame a responsive pleading constitutes a shotgun pleading, often violative of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.

Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and "each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense" when doing so promotes clarity. Fed. R. Civ. P. 10(b). Plaintiff's Complaint fails to meet these requirements.

Plaintiff divides his four-page Complaint into sections: Preliminary Statement, Parties, Jurisdiction, and Statement of Facts (Doc. 1). But the Complaint cuts off in the middle of page four, before alleging any causes of action. Based on the first paragraph, the Court gleans that Plaintiff is attempting to bring a § 1983 claim against Defendants for Fourteenth Amendment violations (Doc. 1 at 1). But this vague, conclusory accusation included in the Preliminary Statement section of Plaintiff's Complaint is all the Court has to draw from, and it is far from the "short and plain statement" of "simple, concise, and direct" allegations that Rule 8 requires.

And, to the extent Plaintiff's Complaint can be construed to allege a § 1983 claim against Defendants for violating his constitutional rights, it fails to identify "which allegations of fact are intended to support which claim(s) for relief" with sufficient clarity to enable Defendants to frame a responsive pleading. *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). For these reasons, Plaintiff's Complaint violates Rule 8(a)(2), and Defendants lack adequate notice of the claims against them and the grounds upon which each claim rests. *See id.*; Fed. R. Civ. P. 8(a)(2).

### B. Rule 11

Additionally, Plaintiff's Complaint is unsigned. Rule 11(a) requires every pleading to be signed "by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). This is not just a technicality. By presenting the Court with a signed pleading, "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief," the pleading is not being presented for an improper purpose, the claims are

warranted by existing law, and the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). Plaintiff's Complaint is unsigned and should be stricken.

### C. Res Judicata

Finally, Plaintiff's Complaint is barred by res judicata, which governs the preclusive effect of prior judgments in federal court. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Res judicata prevents plaintiffs from bringing claims related to prior decisions when "the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Rodemaker v. City of Valdosta Bd. of Ed.*, 110 F.4th 1318, 1324 (11th Cir. 2024) (quoting *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020)). The purpose of res judicata is to "preclude[e] parties from contesting matters that they have had a full and fair opportunity to litigate" and to "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor*, 553 U.S. at 892.

Here, Plaintiff's Complaint alleges that the individual Deputy Defendants "deprived [him] of his right to due process in case 8:19-cv-330 CEH." (Doc. 1 at 2). Plaintiff references a civil case he litigated against the same Defendants (plus two deputies not named in this case) in the Middle District of Florida from February 2019 through July 2024 (the "prior case" or "prior decision"). *See Leach v. Sarasota County, et al.*, No. 8:19-cv-330-CEH-CPT (M.D. Fla.). The prior decision has preclusive effect here.

All the prerequisites for res judicata are met. The first two – a prior, final decision by a court of competent jurisdiction – are easily satisfied. In March 2022, the district judge in the prior case granted Defendants' summary judgment motion (No. 8:19-cv-330-CEH-CPT, Doc. 110) and entered judgment in Defendants' favor (*Id.* at Docs. 111-15). Plaintiff appealed (*Id.* at Doc. 134), and in May 2024, the Eleventh Circuit denied Plaintiff's appeal in a written opinion (*Id.* at Doc. 145).

Third, both cases involve the same Defendants. In the prior case, Plaintiff sued the Sarasota County Sheriff and Deputies Small, Allport, and Clark (among others) – all Defendants in this case. The fourth element of res judicata asks whether the two cases "arise[ ]out of the same nucleus of operative facts, or [are] based upon the same factual predicate. *TVPX ARS, Inc.*, 959 F.3d at 1325. "Causes of action share a nucleus of operative fact if "the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *Rodemaker*, 110 F.4th at 1330 (citation and quotations omitted).

In the prior case, Plaintiff sued Defendants under § 1983 for excessive force, malicious prosecution, and deliberate indifference in violation of the Fourth and Fourteenth Amendments, and retaliation in violation of the First Amendment, among other claims (No. 8:19-cv-330-CEH-CPT, Doc. 50). At the center of Plaintiff's prior case were the events surrounding his arrest by Sarasota County deputies at his mom's house on the evening of February 7, 2017. Here, Plaintiff alleges that Defendants violated his due process rights by falsely testifying at deposition in the prior case that patrol vehicles were parked in front of Plaintiff's house on the evening of his arrest (*see* Doc. 1). Plaintiff

claims he can prove the deposition testimony is false because he has a cell phone video shot at the same time that shows no patrol cars in his yard.

In the summary judgment Order in the prior case, however, the district judge discussed the cell phone video:

> Leach also claims that he has a cell phone video, taken five minutes before his arrest, which does not show any patrol vehicles parked in the front yard or driveway. Doc. 95 at 2. He also claims that he does not acknowledge any contract with the deputies in this video. *Id*. However, Leach has not submitted this video for the Court's review, despite the opportunity to do so.

(No. 8:19-cv-330-CEH-CPT, Doc. 110 at 6, n.6). The Eleventh Circuit mentioned the video twice in its Opinion denying Plaintiff's appeal of the summary judgment Order: "Leach stated that, after going inside, he took a 57-second cell phone video showing no police cars parked outside." (*Id*. at Doc. 145 at 4). And, "[a]s recounted earlier, Leach claims he took a cell phone video that disputes the Deputies' version of the attempted traffic stop. Leach describes his cell phone video in his affidavit, but the video itself is not in the record." (*Id*. at 22, n.9). This shows that the veracity of the cell phone video versus the Deputies' testimony could have been litigated in the prior case. All four elements of res judicata are met, and Plaintiff's case should be dismissed.

## IV.   CONCLUSION

For all these reasons, the undersigned recommends that Plaintiff's Complaint (Doc. 1) be dismissed with prejudice. Although *pro se* parties are often entitled to an opportunity to amend their complaints before dismissal, Plaintiff's claims do not appear amendable. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to

dismissal."); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") (citation omitted). The Eleventh Circuit has consistently affirmed with-prejudice dismissal of frivolous complaints. *See Nails v. Franklin*, 279 F. App'x 899, 901 (11th Cir. 2008) (affirming dismissal with prejudice where the plaintiff had filed multiple suits that had been dismissed as frivolous); *Broner v. Wash. Mut. Bank, FA*, 258 F. App'x 254, 256–57 (11th Cir. 2007) ("[T]he district court did not abuse its discretion in finding her complaint frivolous and did not err in finding that it failed to state a claim. Accordingly, her complaint was properly dismissed with prejudice, pursuant to § 1915(e)(2).")

For the foregoing reasons, it is hereby

**RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied.[2]

2. Plaintiff's Complaint (Doc. 1) be *sua sponte* dismissed.

**IT IS SO REPORTED** in Tampa, Florida, on April 25, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

## **NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.